Hillsborough,
June, 1896.

## HINDS & a. v. HEATH, Ap't.

A creditor's petition in insolvency may be executed by his authorized agent. Demands due from the debtor and another, and demands not then payable, may be included in computing the amount required to be owing to the petitioners in order to enable them to sustain the petition.

APPEAL, by the defendant, from a decree of the probate court on the petition of the plaintiffs filed April 20, 1895, adjudging him insolvent. Facts agreed. A salesman of one of the plaintiffs subscribed his employer's name to the petition and made oath to it as his agent, at his request communicated by telegraph. A part of the defendant's indebtedness to the plaintiffs consists of a promissory note made by a firm now dissolved, of which the defendant was a member, and the other member of

which is solvent; and of a promissory note which did not become due and payable until September, 1895. If either note is deducted from the plaintiffs' claims, the defendant's indebtedness is less than $300.

*E. S. &. H. A. Cutter*, for the plaintiffs.

*Joseph B. Parker*, for the defendant.

CARPENTER, C. J. The creditor's execution of the petition by the salesman, his authorized agent, was sufficient. *Flint* v. *Clinton Co.*, 12 N. H. 430, 436. The fact that another is equally liable with the defendant upon one of the demands of the plaintiffs does not make the debt any the less an indebtedness of the defendant. Upon the debtor's assignment he may be declared insolvent although none of his debts is due and payable. It is sufficient if it " shall appear to the satisfaction of the judge that " he " is not able to pay his debts in full." Debts not due are provable against his estate. P. S., c. 201, ss. 6, 7, 13. A petition of creditors in involuntary proceedings must show that the debtor is " owing " them $300 or more, and that "his property within the state, not exempt from attachment, is in their belief insufficient to pay his debts." If these allegations " are found to be true, the judge shall adjudge the debtor insolvent." P. S., c. 201, s. 42. By the word " debts," the legislature intended all debts, as well those that are not as those that are presently payable. If this were otherwise doubtful, it is made certain by the provision that debts not due may be proved. In ordinary and popular speech, if not in a strict technical and legal sense, one is properly said to be indebted to another, or to be " owing " him a debt, though it is payable at a future day. *United States* v. *Bank*, 6 Pet. 33, 36, 37. In this sense " owed " is used in the statute providing that the commissioner to allow claims against the estate of a person deceased " shall examine and allow all just demands which the deceased owed, . . . although such demands may not then be payable." P. S., c. 192, s. 8. Any other construction would in some cases defeat the purpose of the statute. A creditor whose demand is due and sufficiently large could, by attachment and levy, appropriate to its satisfaction the entire property of the debtor in spite of all the other creditors, if their debts did not fall due within three months from the time of the attachment.

*Appeal dismissed.*

All concurred.